2531-1 JUDGE KAPLAN 10 CIV 7309

DEORCHIS & PARTNERS, LLP
61 Broadway, 19th Floor
New York, New York 10006-2802
(212) 344-4700




Attorneys for Plaintiffs
IDS INTERNATIONAL (SHANGHAI) CO., LTD., and
IDS FREIGHT SERVICES USA LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

IDS INTERNATIONAL (SHANGHAI) CO., LTD., and IDS FREIGHT SERVICES USA LLC,

Plaintiffs,

-against-

MEADOW DÉCOR, INC. and LEISURE BAY INDUSTRIES, INC.,

Defendants.

---------------------------------------------------------X

10 Civ. ( )

**COMPLAINT**

Plaintiffs IDS INTERNATIONAL (SHANGHAI) CO., LTD. and IDS FREIGHT SERVICES USA LLC, by and through their attorneys DeOrchis & Partners, LLP alleges upon information and belief as follows:

1. This is a claim arising under the Court's admiralty and maritime jurisdiction with respect to the carriage of goods by water pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

2. Plaintiff IDS INTERNATIONAL (SHANGHAI) CO., LTD. (hereinafter "IDS Shanghai") is a business entity organized and existing under and by virtue of the laws of a

foreign country with an office and place of business at 3/F Main Tower, Li & Fung Plaza, No. 2, 000 YiShan Road, 201103 Shanghai, China.

3. Plaintiff IDS FREIGHT SERVICES USA LLC (hereinafter "IDS USA") is a business entity organized and existing by virtue of the laws of New York and is engaged in the business of the carriage of goods by sea with an office and place of business at 23059 International Airport Center Blvd., Suite 270, Jamaica, NY 11413.

4. Defendant MEADOW DÉCOR, INC. is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 1477 E. Cedar St. #A, Ontario, California 91761.

5. Defendant LEISURE BAY INDUSTRIES, INC. is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 2452 Lake Emma Road, Lake Mary, Florida 32746 and was the consignee and notify party named in the bill of lading and, at a material time, the owner of the goods, and is bound by the terms and conditions of the bill of lading.

6. On or about June 28, 2010, defendant MEADOW DÉCOR, INC., as shipper/exporter, delivered to plaintiff IDS Shanghai, one container loaded by the shipper with 310 cartons of umbrellas, whereupon plaintiff IDS Shanghai, as instructed by the shipper, issued non-negotiable bill of lading NGBOE711322 to LEISURE BAY INDUSTRIES, INC. as shipper/exporter for the carriage of the containers from Ningbo, China to Savannah, Georgia aboard M/V EVER REACH.

7. The consignee and notify party named in the non-negotiable bill of lading is LEISURE BAY INDUSTRIES, INC. and as receiver of the goods, agreed to and is bound by the terms and conditions of the bill of lading.

8. Plaintiffs seeks declaratory relief pursuant to 28 U.S.C. annotated §2201 and Rule 57, Federal Rules of Civil Procedure, that this Honorable Court declare the provisions of the U.S. Bill of Lading Act (Pomerene Act), 49 U.S.C. § 1 *et seq.* (hereinafter referred to as "Pomerene Act"), and specifically Section 89 of said Pomerene Act applicable to any action/claim for damages to cargo brought by defendants, their agents or insurers resulting from carriage aboard M/V EVER REACH from Ningbo, China to Savannah, Georgia in June 2010.

9. Pursuant to Section 89 of the Pomerene Act, plaintiffs , as carrier, have no liability to defendants because plaintiffs delivered the goods under a straight bill of lading to the named consignee and notify party.

10. Pursuant to Clause 23 of the terms and conditions of the invoice and bill of lading, the Southern District of New York is the exclusive jurisdiction for any claim and U.S. law shall apply.

11. Despite the forum selection clause in the bill of lading, defendant MEADOW DÉCOR, INC. has threatened to sue plaintiffs in the Courts of China, where, upon information and belief, plaintiffs understand the courts will not enforce the applicable provisions set forth in the Pomerene Act, which applies as a matter of law and as a matter of contract to the subject shipment. By prosecuting, sponsoring, enabling or suffering this cargo claim in China, defendant MEADOW DÉCOR, INC. will have breached the provisions of the contract of carriage to which each is bound by suing in a forum other than the contractual forum and will have thereby deprived plaintiffs of their right to be sued only in this district and of the limitation of liability provided by U.S. law and by contract.

12. By reason of prosecution of a claim for money damages in the Courts of China, the defendants will breach the forum selection clause in the governing bill of lading and expose plaintiff to money damages in excess of those for which defendant is or may be liable under the agreed law.

13. In the premises, plaintiffs respectfully pray for an injunction prohibiting defendants from maintaining any suit relating to damage or loss of cargo described in the subject bill of lading in any forum other than the United States District Court for the Southern District of New York.

**SECOND CLAIM**

14. Repeats and realleges each and every allegation contained in Paragraphs 1 through 13 inclusive of this Complaint, with the same force and effect as if herein set forth at length.

15. In the premises, in the event that plaintiffs IDS Shanghai and IDS USA are held liable to one or more defendants in an action prosecuted by one or any of them in the Courts of China, plaintiffs demand judgment against each and every one of said defendants in an amount which reflects the difference between the judgment awarded and entered against plaintiffs by any Chinese Court, plus attorneys' fees incurred in defending the action in the Courts of China, plus interest in a reasonable amount.

**THIRD CAUSE OF ACTION**

**(Account Stated)**

16. Repeats and realleges each and every allegation contained in paragraphs "1" through "15" inclusive of this Complaint with the same force and effect as if herein set forth at length.

17. On or about June 28, 2010, Plaintiffs IDS Shanghai and IDS USA provided carrier and/or freight transport services to Defendants on an invoice-by-invoice basis, and upon the promise of Defendants to pay for the carrier and/or freight transport services, pursuant to Defendant's customary contract of carriage and pursuant to its invoice terms and conditions.

18. In the ordinary course of business, Plaintiffs rendered and sent to Defendant invoices for each transportation transaction performed by Plaintiffs for the account of Defendants. Said invoices detailed the balance that Defendants owed to Plaintiffs.

19. Defendants retained the invoices without objection for a reasonable time.

20. There is now an unpaid sum of $6,630.92 which has accrued, due and owing Plaintiffs by Defendants for the transportation services provided by Plaintiff for the account of Defendants. This sum consists of the unpaid freight charges in the amount of $6,630.92.

21. That the account has become stated.

22. Accordingly, Defendants are obligated to Plaintiffs on an account stated in the principal sum of $6,630.92.

23. In addition to the foregoing, Defendants are indebted to Plaintiffs for statutory interest, and the costs and disbursements incurred by Plaintiffs for collection of the foregoing debt, including reasonable attorney's fees, pursuant to Plaintiff's Invoice, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**(Breach of Contract)**

24. Repeats and realleges each and every allegation contained in paragraphs "1" through "23" inclusive of this Complaint with the same force and effect as if herein set forth at length.

25. Beginning on or about June 28, 2010, Plaintiff IDS USA and Defendants entered into a series of transportation service agreements for ocean carrier and/or freight transport services to be provided on open account basis.

26. Plaintiff satisfactorily completed performance of its part of each agreement, having provided ocean carrier and/or freight transport services as agreed.

27. Defendants accepted the services, but have failed and refused, and continue to fail and refuse, to tender the balance due that has accrued for the various transportation services provided to Defendants by Plaintiff IDS USA , totaling $6,630.92, as required pursuant to the contracts between the parties. This sum consists of the unpaid freight charges in the amount of $6,630.92.

28. Defendants have failed to perform its obligations under the contract as described above, and has materially breached the same.

29. Due to Defendants' failure to perform, Plaintiff IDS USA has suffered damages in the amount of $6,630.92, together with interest, costs, disbursements, reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**

**(Quantum Meruit)**

30. Repeats and realleges each and every allegation contained in paragraphs "1" through "29" inclusive of this Complaint with the same force and effect as if herein set forth at length.

31. Plaintiffs provided valuable services to Defendants based upon Defendants' promise to pay for the same.

32. Defendants accepted and benefited from the services provided to Defendants by Plaintiffs.

33. Defendants knew that Plaintiffs expected to be paid for such services.

34. Notwithstanding the foregoing, Defendants have failed, and continues to refuse and fail, to pay Plaintiffs for the valuable services provided to and accepted by Defendants.

35. Accordingly, Plaintiffs have suffered damages and Defendants should be required to pay Plaintiffs the reasonable value of the services that it provided to Defendants, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

**SIXTH CAUSE OF ACTION**

**(Unjust Enrichment)**

36. Repeats and realleges the allegations of paragraph "1" through "35", as if fully set forth herein at length.

37. Plaintiffs provided services to Defendants based upon Defendants' promise to pay for the same.

38. Defendants received the benefit of the services provided by Plaintiffs.

39. Defendants have not paid Plaintiffs for the services provided.

40. Accordingly, Defendants has been unjustly enriched at the expense of Plaintiffs and Defendants should be required to pay Plaintiffs the reasonable value of the amount that Defendants were unjustly enriched, together with interest, costs, disbursements, reasonable attorney's fees and liquidated damages.

WHEREFORE, plaintiffs respectfully demand that this Court enjoin defendants from prosecuting any cargo claim arising out of the subject bill of lading in any court in China, enter a declaratory judgment that declares the provisions of the U.S. Bill of Lading Act (Pomerene Act), 49 U.S.C. § 1 *et seq.* (hereinafter referred to as "Pomerene Act"), and specifically Section 89 of said Pomerene Act is applicable to any action/claim for damages to cargo brought by defendants, and that Plaintiffs are not liable to Defendants by virtue of delivery of the subject cargo to the named receiver;.

(a) On its Third Cause of Action in the amount of $6,630.92;

(b) On its Fourth Cause of Action in the amount of $6,630.92;

(c) On its Fifth Cause of Action in an amount to be determined at trial;

(d) On its Sixth Cause of Action in an amount to be determined at trial;

On all Causes of Action, interest, costs, disbursements, and reasonable attorney's fees, and such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: New York, New York
September 22, 2010

**DEORCHIS & PARTNERS, LLP**
Attorneys for Plaintiff
IDS FREIGHT SERVICES USA LLC

By: ____________________
Vincent M. De Orchis (VMD-6515)
vdeorchis@marinelex.com
61 Broadway, 19th Floor
New York, New York 10006-2802
(212) 344-4700
Our File: 2531-1

W:\2531-1\Legals\Complaint 9 22 10. revised vmd. doc.doc